**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Samuel KING, Appellee.**

Superior Court of Pennsylvania.

Argued June 27, 2007.

Filed Aug. 29, 2007.

Mary Huber, Asst. Dist. Atty., Philadelphia, for appellant.

Paul Masciantonio, Philadelphia, for appellee.

BEFORE: TODD, GANTMAN, and KELLY, JJ.

1. 35 P.S. § 780–113(a)(30).

2. 35 P.S. § 780–113(a)(16).

OPINION BY GANTMAN, J.:

¶ 1 Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing the charges of possession with intent to deliver a controlled substance ("PWID"),[1] knowing and intentional possession of a controlled substance,[2] possession of drug paraphernalia,[3] and criminal use of communication facilities[4] against Appellee, Samuel King, and discharging him. We hold the court erred when it dismissed the charges against Appellee on the ground that the Commonwealth had failed to produce an informant as a "material witness" at trial. Accordingly, we reverse and remand for further proceedings.

¶ 2 The relevant facts and procedural history of this case are as follows. On February 19, 2005, an informant gave Philadelphia Police Officer John Brennan a phone number that could be used to order drugs. The informant called the phone number and set up a buy. According to the informant, the buy would take place at 1703 North 62nd Street. The informant and Officer Jeffrey Seaman traveled by car to 1703 North 62nd Street. Officer Brennan set up surveillance about ½ to ¾ of a block away. Upon arriving at 1703 North 62nd Street, the informant beeped the car horn and Appellee came out of the house. Appellee handed crack cocaine to Officer Seaman, at which point the informant leaned across Officer Seaman and handed Appellee prerecorded buy money. Based upon their surveillance and investigation, the officers obtained a search warrant for the house at 1703 North 62nd Street.

3. 35 P.S. § 780–113(a)(32).

4. 18 Pa.C.S.A. § 7512.

¶ 3 That same day, two hours after the buy, Officer Brennan, along with other officers, executed the search warrant. The officers recovered a quantity of crack cocaine and drug paraphernalia from the house. The officers also recovered mail in Appellee's name and found Appellee alone inside the house when the warrant was served. The officers arrested Appellee, and the Commonwealth charged him with simple possession, PWID, and related offenses.

¶ 4 To support a "misidentification" defense, Appellee filed a motion to disclose the identity of the informant on June 2, 2005. On August 25, 2005, the court heard argument on Appellee's disclosure motion. During the proceedings, Appellee called probation officer James Telese. Mr. Telese testified that his job included supervising clients on house arrest. Mr. Telese also testified that he electronically monitored Appellee's house arrest, and there was no time during February 19, 2005 when Appellee was out of range of the house, until the point when the police arrested him. (N.T. Hearing, 8/25/05, at 3–4). On cross-examination, however, Mr. Telese conceded that the monitor's range extended to the property in front of Appellee's house. (*Id.* at 9). Additionally, Officers Brennan and Seaman testified regarding the controlled drug purchase and execution of the warrant. At the conclusion of the testimony, the court denied Appellee's motion as follows:

THE COURT: Your CI motion is denied.

(*Id.* at 26). The certified docket entries also confirm that the court denied Appellee's motion to disclose the confidential informant by order entered August 25, 2005.

¶ 5 Immediately following the court's denial of the disclosure motion, Appellee moved to dismiss the Commonwealth's case. The court granted Appellee's motion, dismissing the charges against Appellee due to the Commonwealth's alleged failure to produce the identity of a "material" witness. The court explained its ruling as follows:

THE COURT: My decision is based upon [the Commonwealth's] failure to provide what I deem to be relevant and crucial information to the defense for the preparation of their case. That is a violation of the discovery rules.

(*Id.* at 37).

¶ 6 On September 8, 2005, the Commonwealth filed a motion for reconsideration. The court granted the motion for reconsideration on September 22, 2005 and scheduled a hearing on the matter for October 21, 2005. On September 29, 2005, the trial court denied the Commonwealth's motion for reconsideration and vacated its September 22, 2005 order. The Commonwealth filed a timely notice of appeal on October 31, 2005.[5]

¶ 7 The Commonwealth now raises one issue for our review:

DID THE [TRIAL] COURT ABUSE ITS DISCRETION WHEN IT DISCHARGED THE PROSECUTION AGAINST [APPELLEE] DUE TO A NON–EXISTENT DISCOVERY VIOLATION, AFTER CORRECTLY DENYING [APPELLEE'S] MOTION FOR DISCLOSURE OF A CONFIDENTIAL SOURCE'S IDENTITY?

(Commonwealth's Brief at 4).

■ ¶ 8 "The decision to grant a pretrial motion to dismiss a criminal [charge] is

---

5. A notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). Here, the Commonwealth's notice of appeal was technically due on October 29, 2005. However, October 29, 2005 was a Saturday. Thus, the Commonwealth timely filed its notice of appeal on Monday, October 31, 2005.

vested in the sound discretion of the trial court and may be overturned only upon a showing of abuse of discretion or error of law." *Commonwealth v. Free*, 902 A.2d 565, 567 (Pa.Super.2006) (quoting *Commonwealth v. Moore*, 756 A.2d 64, 65 (Pa.Super.2000)).

> The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Widmer*, 560 Pa. 308, 322, 744 A.2d 745, 753 (2000) (internal citation omitted).

█ ¶ 9 The Commonwealth asserts the trial court properly denied Appellee's motion for disclosure of an informant, without asking the Commonwealth to demonstrate its need for confidentiality, because Appellee failed to meet his threshold burden of proof. Specifically, Appellee did not demonstrate, at a minimum, that the disclosure of the informant's identity was material, necessary for the preparation of the defense, and reasonable. The Commonwealth observes Appellee was not charged with the sale of drugs, and the informant was not an eyewitness to the search of 1703 North 62nd Street. The Commonwealth claims the search warrant produced other, independent evidence of Appellee's possession of drugs and paraphernalia. The Commonwealth maintains the court erred when it dismissed the criminal charges against Appellee on the ground that the Commonwealth had failed to produce the informant as a "material witness" for trial. The Commonwealth concludes this Court must reverse the order discharging the case against Appellee and remand the matter for further proceedings. We agree.

¶ 10 Pennsylvania Rule of Criminal Procedure 573 governs pretrial discovery and provides, in pertinent part, as follows:

**Rule 573.  Pretrial Discovery and Inspection**

\* \* \*

**(B) Disclosure by the Commonwealth**

\* \* \*

(2) *Discretionary With the Court*

(a) In all court cases, except as otherwise provided in Rule 230 (Disclosure of Testimony Before Investigating Grand Jury), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

(i) The names and addresses of eyewitnesses.

\* \* \*

(iv) Any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

\* \* \*

**(E) Remedy.** If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such a

party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Pa.R.Crim.P. 573(B)(2)(a)(i), (iv), (E).

¶ 11 Nevertheless, this Court has held that dismissal of charges is "a penalty far too drastic" for a prosecutor's violation of discovery rules. *Commonwealth v. Gordon*, 364 Pa.Super. 521, 528 A.2d 631, 641 (1987), *appeal denied*, 517 Pa. 621, 538 A.2d 875 (1988) (citing *Commonwealth v. Parente*, 294 Pa.Super. 446, 440 A.2d 549, 552 (1982)). "The remedy in the criminal proceeding is limited to denying the prosecution the fruits of its transgressions." *Gordon, supra* at 641 (quoting *Commonwealth v. Simons*, 342 Pa.Super. 281, 492 A.2d 1119, 1126 (1985) (*en banc*), *aff'd*, 514 Pa. 10, 522 A.2d 537 (1987)).

¶ 12 Regarding the disclosure of a confidential informant, the Pennsylvania Supreme Court has stated:

[N]o fixed rule with respect to disclosure of the confidential informant's identity is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders the nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors.

*Commonwealth v. Bing*, 551 Pa. 659, 663–64, 713 A.2d 56, 58 (1998) (internal brackets and citations omitted). Further:

This balance is initially weighted toward the Commonwealth, which holds a qualified privilege to maintain an informant's confidentiality to preserve the public's interest in effective law enforcement. However, the balance tips in favor of disclosure where guilt is found solely on police testimony from a single observation and testimony from a disinterested source, such as the informant, is available.

*In re R.S.*, 847 A.2d 685, 688 (Pa.Super.2004), appeal denied, 581 Pa. 679, 863 A.2d 1148 (2004) (quoting *Commonwealth v. Belenky*, 777 A.2d 483, 488 (Pa.Super.2001)).

■ ¶ 13 "However, where other corroboration of the officer's testimony exists, disclosure of the informant's identity is not necessarily required." *Bing, supra* at 664, 713 A.2d at 58. Moreover, a defendant must meet certain thresholds for the court to determine whether to order the disclosure of an informant's identity:

Before the informant's identity may be revealed … the accused must show the information is material to the defense and the request is reasonable. The defendant need not predict exactly what the informant will say, **but [the source] must exonerate [the defendant]. More than the mere assertion that disclosure of the informant's identity might be helpful is necessary.** Only after this threshold showing that the information is material and the request is reasonable is the trial court called upon to determine whether the information is to be revealed.

*In re R.S., supra* at 688 (emphasis added).

Where the confidential informant is not a witness to the incident at issue, the defendant must show that the Commonwealth's disclosure of the identity of the informant is (1) material to his defense; (2) reasonable; and (3) in the interests of justice.

It is important to note that the Rule [Pa.R.Crim.P. 305B(2)(d)] speaks in terms of a showing **by the defendant**. These conditions cannot be assumed, and they must be supported by evidence on the record. It is in this context that the evidence presented at the hearing must be examined to determine whether the defendant met his burden.

*Commonwealth v. Hritz*, 444 Pa.Super. 264, 663 A.2d 775, 778 (1995) (quoting *Commonwealth v. Novasak*, 414 Pa.Super. 21, 606 A.2d 477, 483 (1992), *appeal denied*, 532 Pa. 662, 616 A.2d 984 (1992)) (internal citations and footnote omitted) (emphasis in original).

▮ ¶ 14 Regarding the element of materiality, the defendant must show as a threshold matter that the informant's identity is germane to the defense. *Commonwealth v. Heater*, 899 A.2d 1126, 1130 (Pa.Super.2006), *appeal denied*, 592 Pa. 779, 926 A.2d 973, 2007 WL 1731590 (2007). Evidence is "relevant and material to the defense if it tends to show that a specific crime of which a defendant stands accused was committed by someone else." *Novasak, supra*. The record must disclose a reasonable possibility that the information sought will **materially aid** the defendant in presenting his defense and is not obtainable from another source. *Hritz, supra* at 780 (emphasis in original).

¶ 15 Instantly, the trial court denied Appellee's motion for disclosure of the informant's identity and did not order the Commonwealth to disclose the identity of the source. Nevertheless, the court dismissed the charges against Appellee on the ground that the Commonwealth had failed to produce a "material witness" for trial. The dismissal of the charges against Ap-

pellee was error in the instant case for the following reasons. First, Appellee's charges arose from the execution of the search warrant, not from the controlled buy. Second, the informant in this case was not an eyewitness to the crimes charged, which arose strictly out of the execution of the search warrant inside the house. In fact, the informant was not even present at the time of the search. Third, Appellee did not challenge the validity of the search warrant. *See Commonwealth v. Payne*, 540 Pa. 54, 656 A.2d 77 (1994) (illustrating distinction between cases where informer provides probable cause for issuance of search warrant and non-warrant cases where informer is material witness to commission of crime).

¶ 16 Here, Appellee offered no evidence that disclosure of the identity of the informant was (1) material to any defense; (2) reasonable; and (3) in the interest of justice. *See Hritz, supra*. Instead, defense counsel baldly asserted that Appellee had satisfied these three requirements because the informant's identity would aid with Appellee's misidentification defense:

\* \* \*

[Appellee's probation officer] was here to show that

[Appellee] did not leave the house during that time period

[when Officer Seaman conducted the controlled purchase]. That raises the misidentification. The officer saw him for twenty seconds. Anybody could have left that house. We don't know who else was in that house. That's the misidentification.

\* \* \*

(N.T. Hearing, 8/25/05, at 31).[6] Notwithstanding counsel's argument, there simply

---

6. The certified record does not contain Appellee's written motion to disclose the identity of

the informant. Defense counsel, however, ad-

was no misidentification defense in this case. To the contrary, Appellee's probation officer confirmed Appellee was on house arrest at this location. When the police executed the search warrant, Appellee was alone inside the house. Police recovered mail in Appellee's name, along with a quantity of drugs and drug paraphernalia attributed to Appellee. Appellee laid no foundation for any misidentification defense or his claim that the informant's testimony was material to the defense. *See Heater, supra; Novasak, supra.* Thus, Appellee did not merit the relief he received.

¶ 17 Based upon the foregoing, we hold the court erred when it dismissed the charges against Appellee on the ground that the Commonwealth had failed to produce the informant as a "material witness" at trial. *See Widmer, supra; Free, supra.* Accordingly, we reverse and remand for further proceedings.

¶ 18 Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.

equately summarized Appellee's argument at the August 25, 2005 hearing.