J-S54012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES HOWARD PRESTON, JR. | : | |
| | : | |
| Appellant | : | No. 1424 MDA 2018 |

Appeal from the Judgment of Sentence Entered February 28, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004831-2015

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:          **FILED: MARCH 18, 2020**

Charles Howard Preston, Jr. appeals from the February 28, 2017 judgment of sentence imposed following his conviction for possession of a controlled substance with intent to deliver ("PWID").  We affirm.

On June 9, 2015, Detectives Scott Nadzom and Barton Seelig of the York Police Department participated in a controlled "buy-walk," during which Appellant delivered a small quantity of heroin to a confidential informant ("CI") in the immediate area of 152 South Pine Street, York, Pennsylvania, while under police surveillance.  In relevant part, Detective Nadzom observed the actual hand-to-hand transaction between Appellant and the CI, while Detective Seelig was waiting nearby in an unmarked vehicle and was responsible for providing the CI with "official funds" to purchase the narcotics and collecting the narcotics afterwards.  *See* N.T. Hearing, 9/13/16, at 27-32, 34-39.  The exchange was also photographed.  *Id*.

The CI was never out of sight of at least one of the detectives during the entirety of the transaction with Appellant. *Id*. Furthermore, Detective Sellig testified that the CI was also searched immediately after the transaction with Appellant to ensure that he did not have any other contraband on his person. *See* N.T. Trial, 9/13/16, at 139. The CI immediately handed over three blue-glassine packets of heroin to Detective Seelig. The contents of these packets field-tested positive for heroin, and were "sent to the Pennsylvania State Police Lab for further analysis." *See* Affidavit of Probable Cause, 6/30/15, at unnumbered 1. Appellant was arrested several days later and charged with a single count of PWID.

Appellant filed a pre-trial motion requesting disclosure of the identity of the CI. He argued that the CI's potential testimony was relevant to Appellant's defense and its materiality outweighed any interest that the Commonwealth had in maintaining the confidentiality of the identity. Specifically, Appellant alleged that there could be an unspecified discrepancy with the packets of heroin delivered to Detective Seelig by the CI. *See* N.T. Hearing, 9/13/16, at 44 ("I'm simply stating the Commonwealth can't say for sure what is in that packaging without talking to the CI and getting the CI to tell the jury that."). The trial court denied Appellant's request, finding that his arguments had not overcome the presumption against the Commonwealth maintaining the confidentiality of the informant's identity. *Id*. at 46-47.

During the trial, Appellant stipulated to a lab report from the Commonwealth establishing that the glassine bags delivered by Appellant

contained heroin. *See* N.T. Trial, 9/13/16, at 137-39. Appellant was ultimately convicted and sentenced to three to six years of incarceration.

Although Appellant filed a timely appeal from his judgment of sentence, it was voluntarily discontinued. Thereafter, his direct appellate rights were reinstated by the trial court, and Appellant filed a timely notice of appeal. As directed by the trial court, Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the trial court concomitantly filed its Rule 1925(a) opinion.

Appellant presents the following issues for our adjudication:

I. Whether the trial court erred in determining there was no *Brady*[1] violation in the Commonwealth's failure to provide the photographs of the alleged drug transaction until the time of jury selection.

II. Whether the trial court erred and abused its discretion in denying Appellant's request to compel disclosure of the confidential informant.

Appellant's brief at 5-6 (cleaned up).

Rather than complying with the Pennsylvania Rules of Appellate Procedure, Appellant has discussed these two issues collectively in his brief. *Cf.* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, following by such discussion and citation of authorities as are deemed pertinent."). However, Appellant has

---

[1] *See Brady v. Maryland*, 373 U.S. 83 (1963).

presented no cogent argument concerning his first issue. Reviewing Appellant's "collective" argument, it exclusively addresses the gravamen of his second issue concerning the trial court's denial of his motion for disclosure of the CI's identity. **See** Appellant's brief at 10-17. Beyond a *non sequitur* citation to **Brady**, Appellant has offered no discussion or citation whatsoever in support of his first claim. Accordingly, it is waived. **See Commonwealth v. Kearney**, 92 A.3d 51, 66-67 (Pa.Super. 2014) (holding issue waived under Rule 2119(a) where "Appellant fails to develop an argument in support his claim, or to provide pertinent citation to authority").

Appellant's only surviving claim implicates a discretionary discovery ruling by the trial court regarding disclosure of the identity of the CI. **See** Pa.R.Crim.P. 573(B)(2)(a)(i).[2] "Our standard of review of claims that a trial court erred in its disposition of a request for disclosure of an informant's identity is confined to abuse of discretion." **Commonwealth v. Watson**, 69 A.3d 605, 607 (Pa.Super. 2013).

> The following legal principles guide our review:
>
> The Commonwealth enjoys a qualified privilege to withhold the identity of a confidential source. In order to overcome this qualified privilege and obtain disclosure of a confidential informant's identity, a defendant must first establish, pursuant to

---

[2] Appellant suggests that the identity of the CI was a mandatory disclosure pursuant to Pa.R.Crim.P. 573(B)(1)(a), which requires the Commonwealth to disclose "[a]ny evidence favorable to the accused that is material either to guilt or to punishment . . . ." **See** Appellant's brief at 11. However, Appellant has not sufficiently demonstrated that the identity of the CI was "favorable" to Appellant's case. Thus, Rule 573(B)(2) applies.

> Rule 573(B)(2)(a)(i), that the information sought is material to the preparation of the defense and that the request is reasonable. Only after the defendant shows that the identity of the confidential informant is material to the defense is the trial court required to exercise its discretion to determine whether the information should be revealed by balancing relevant factors, which are initially weighted toward the Commonwealth.
>
> . . . .
>
> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.

*Id*. at 607-8 (internal citations omitted) (quoting ***Commonwealth v. Carter***, 233 A.2d 284, 287 (Pa.Super. 2013)). "Only after a showing by the defendant that the information sought is material and the request reasonable is the trial court called upon to exercise its discretion to determine whether the information is to be revealed." ***Commonwealth v. Roebuck***, 681 A.2d 1279, 1281 (Pa. 1996). There is no fixed standard. The assessment focuses upon "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors." ***Carter***, ***supra*** at 287 (quoting ***Rovario v. U.S.***, 353 U.S. 53, 60-62 (1957))

In its Rule 1925(a) opinion, the trial court found that Appellant's request for disclosure was both material and reasonable, but ultimately concluded that viewing the circumstances through the lens of the ***Carter***-***Rovario*** balancing test militated against disclosure due to Appellant's potential for violence and

society's interest in protecting the efficacy of the CI's work with law enforcement. *See* Trial Court Opinion, 6/18/19, at 13-14.

The trial court's assessment of the underlying merits of Appellant's request is far too charitable and deferential. In relevant part, the trial court's discussion of the legal standards governing this area of law indicates that it was under the mistaken impression that the sheer **possibility** of beneficial testimony is sufficient to establish the necessary prerequisites for disclosure. *Id*. at 11 ("The CI **could *possibly*** have provided evidence that might have exonerated [Appellant] if the CI's description of whatever he received from [Appellant] markedly differed from that of the officers." (emphasis in original)). However, the relevant touchstone is a demonstration by Appellant that there is a **reasonable** possibility that the CI could provide exculpatory testimony. *See Roebuck*, *supra* at 1283. No such showing was made here.

We are especially mindful that "[t]he defendant need not predict exactly what the informant will say, **but the source must exonerate the defendant. More than the mere assertion that disclosure of the informant's identity might be helpful is necessary.**" *Commonwealth v. King*, 932 A.2d 948, 952 (Pa.Super. 2007) (emphasis in original).

The certified record indicates that the CI was never out of sight of the detectives before, during, or after his controlled buy from Appellant. The transaction was photographed, and there were no significant discrepancies in the detectives' respective testimonies. The heroin purchased from Appellant

was immediately turned over to law enforcement, and a field test indicated it was heroin. The CI was also searched by the officers to ensure that he had not secreted any other relevant items of interest on his person.

Appellant's claim that the CI's testimony would reveal some discrepancy in what the CI actually purchased or received from Appellant is entirely speculative. Tellingly, Appellant presented no evidence in support of his request for disclosure and was unable to articulate even a basic narrative supporting the need for testimony from the CI. *See* N.T. Hearing, 9/13/16, at 44 ("I'm simply stating the Commonwealth can't say for sure what is in that packaging without talking to the CI and getting the CI to tell the jury that."). Furthermore, Appellant's argument that he could establish lack of delivery of heroin via the CI's testimony was utterly undercut by the overwhelming evidence regarding the at-issue transaction. Pennsylvania courts have routinely rejected such threadbare requests for the disclosure of a confidential informant's identity. *See*, *e.g.*, *Commonwealth v Marsh*, 997 A.2d 318, 322 (Pa. 2010) (holding defendant failed to establish material need for identity disclosure where he presented no evidence, but baldly averred that the testimony was relevant to his defense of mistaken identity); *see also*, *e.g.*, *Commonwealth v. Watson*, 69 A.3d 605, 608-09 (Pa.Super. 2013) (holding that defendant failed to establish material need for identity disclosure where the underlying defense was "incredible").

Overall, we conclude that Appellant has failed to establish that his request for disclosure of the CI's identity was either material or reasonable.[3] *Id*. Thus, no relief is due on this claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/18/2020

---

[3] This rationale differs from that relied upon by the trial court in its Rule 1925(a) opinion and the underlying ruling. "It is well[-]settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." *Commonwealth v. Singletary*, 803 A.2d 769, 772-73 (Pa.Super. 2002).