J-S14004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRENT G. ROLLINS | : | |
| | : | |
| Appellant | : | No. 2396 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 14, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-SA-0000112-2024

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                        **FILED JUNE 5, 2025**

Appellant, Trent Rollins, appeals from the judgment of sentence entered on August 14, 2024, following his conviction for Driving Under a Suspended License—DUI-Related, Second Offense ("DUS").[1]  Appellant asserts that the court at his trial *de novo* should have granted his motion to dismiss because police lacked probable cause to conduct a traffic stop.  After careful review, we affirm.

We glean the relevant factual and procedural history from the trial court opinion.  On March 16, 2024, at approximately 4:30 A.M., Pennsylvania State Trooper Erik Campbell was on patrol when he observed Appellant make a left turn from East Livingston Street onto Airport Road in Allentown.  At the time,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 1543(b)(1)(ii).

there was a sign prohibiting left turns at that intersection. Trooper Campbell initiated a traffic stop. During the stop, he learned that Appellant's license was suspended due to a conviction for Driving Under the Influence. Accordingly, Trooper Campbell issued citations for both Obedience to Traffic-Control Devices[2] and DUS.

On May 7, 2024, Appellant proceeded to a hearing before the Magisterial District Judge ("MDJ"). The MDJ found Appellant guilty of DUS but dismissed the Obedience to Traffic-Control Devices charge and sentenced Appellant to pay costs and fines. Appellant filed a timely Notice of Summary Appeal. He also filed a motion to dismiss asserting that the initial traffic stop was unlawful. Specifically, he argued that the MDJ's dismissal of the Obedience to Traffic-Control Devices charge indicated that there had been no probable cause to believe he made an illegal left turn, the only basis provided for the stop. Motion to Dismiss, 5/30/24, at ¶ 3. Accordingly, Appellant maintained that all evidence stemming from the stop was unlawfully obtained. *Id.* at ¶ 4.

On August 14, 2024, Appellant proceeded to a trial *de novo*. Trooper Campbell testified in accordance with the above facts, and the court credited his testimony that the sign prohibiting left turns was present that day. Trial Ct. Op., 11/8/24, at 3. In contrast, Appellant testified that there was no sign prohibiting a left turn at the intersection and explained that he had presented photos to the MDJ indicating that the sign was not there on the day of the MDJ

---

[2] 75 Pa.C.S. § 3111(a).

hearing. The court denied his motion to dismiss, convicted him of DUS, and sentenced him to pay a $1,000 fine.

Appellant timely appealed. Both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. The Honorable Court of Lehigh County erred in denying Appellant's Motion to Dismiss filed on May 30, 2024.

2. The Honorable Court of Lehigh County erred in finding Appellant [] guilty of driving while license suspended pursuant to Section 3803/1543(b)(1)-Second Violation [Section ]1543(b)(1)(ii).

3. The Honorable Court of Lehigh County erred in denying the dismissal of this prosecution as previously the District Magistrate dismissed the violation of an improper left[-]hand turn by Appellant[.]

4. The Honorable Court erred in not applying the constitutional doctrine of "fruit of the poisonous tree" as the stop of Appellant [] was solely premised upon the testimony of State Trooper Campbell that "signage" prohibited a left hand turn on to Airport Road. The uncontradicted testimony/record was that the stop of Appellant [] was occasioned only for the left hand turn by Appellant upon Airport Road (and for no other reasons whatsoever) as there was no evidence offered as to any violation by []Appellant as to speed, lighting, reckless driving, placement on the roadway, etc. as all activity and driving by the Appellant [] was proper.

5. The Honorable Court of Lehigh County erred in not concluding that the stop of [] Appellant [] was unconstitutional in all respects and that any evidence received following the improper and unconstitutional stop of [] Appellant is excluded.

6. The Honorable Court of Lehigh County erred in not applying the doctrines of **Silverthorne Lumber Company vs. United States**, 251 U.S. 385 (1920) and **Nardone v. United States**, 308 U.S. 338 (1939) concluding that as the stop was improper, any and all evidence flowing therefrom must be excluded.

7. The Honorable Court of Lehigh County erred in not sustaining the Summary Appeal of Appellant [] as the stop was unconstitutional and any and all evidence flowing therefrom must be suppressed.

Appellant's Br. at 4-5.

"When a defendant appeals after the entry of a [] conviction by an issuing authority in any summary proceeding . . . the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury." Pa.R.Crim.P. 462(a). Appellant's claims challenge the trial court's denial of his motion to dismiss. The "decision to grant or deny a motion to dismiss criminal charges is vested in the sound discretion of the trial court and may be overturned only upon a showing of abuse of discretion or error of law." *Commonwealth v. Handfield*, 34 A.3d 187, 202 (Pa. Super. 2011).

Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will. *Commonwealth v. King*, 932 A.2d 948, 951 (Pa. Super. 2007) (citation omitted).

Here, Appellant challenges Trooper Campbell's authority to conduct the initial traffic stop. It is well-settled that a, a police officer may only initiate a traffic stop if he has reason to believe that a violation of the traffic code has occurred. *Commonwealth v. Brown*, 64 A.3d 1101, 1105 (Pa. Super. 2013). The level of required suspicion depends on the kind of violation in question—relevantly, for a violation that is immediately apparent and would not require any further investigation, the officer needs "probable cause to

- 4 -

initiate the stop." *Id.* Finally, our Court has explained probable cause as follows:

> Probable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent men act. It is only the probability and not a *prima facie* showing of criminal activity that is a standard of probable cause. [] *Illinois v. Gates*, 462 U.S. 213, 238, [] (1983) (holding that probable cause means "a fair probability that contraband or evidence of a crime will be found[]") . . . . To this point on the *quanta* of evidence necessary to establish probable cause, the United States Supreme Court recently noted that finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the probable-cause decision.

*Commonwealth v. Dommel*, 885 A.2d 998, 1002 (Pa. Super. 2005) (remaining internal citations, quotation marks, and alterations omitted).

**\*\*\***

All of Appellant's claims challenge the authority for the traffic stop. Appellant's Br. at 4-5. Appellant maintains that "the evidence at [the] hearing before the [MDJ] illustrated that there was no cause for [] Appellant's stop by the Pennsylvania State Police" because the MDJ dismissed the charge for the improper left turn, and he did not commit any other traffic violations to provide probable cause for the stop. *Id.* at 7-8. Accordingly, he asserts that all evidence resulting from the stop was fruit of the poisonous tree and should have been excluded, and thus, the court should have dismissed the DUS charge. *Id.* at 8.

The trial court explained that it credited Trooper Campbell's testimony that he had "no doubt" that there was a sign prohibiting left turns at the

intersection on the day that he stopped Appellant. Trial Ct. Op. at 3. Accordingly, it determined that the illegal left turn was a traffic violation that gave Trooper Campbell probable cause to lawfully stop Appellant, and thus, the evidence discovered as a result was also obtained lawfully. *Id.*

Following our review, we conclude that the trial court did not abuse its discretion or make an error of law in determining that the traffic stop was lawful. Appellant's argument assumes, without support, that the trial court could not consider testimony from Trooper Campbell relating to the conduct underlying the dismissed Obedience to Traffic-Control Devices charge to establish probable cause for the stop. However, Appellant was before the trial court at a trial *de novo*, at which the court was free to consider the evidence and make credibility determinations. It found Trooper Campbell's testimony about the existence of the sign prohibiting left turns credible and thus, concluded that Trooper Campbell had probable cause to stop Appellant for a traffic violation. Trial Ct. Op. at 3.

Furthermore, Appellant fails to establish, and the record does not indicate, the MDJ's basis for dismissing the Obedience to Traffic-Control Devices charge, and thus, Appellant's argument that the dismissal demonstrates a lack of probable cause for the stop is speculative. However, regardless of the reason for the dismissal, the Commonwealth's failure to prove beyond a reasonable doubt at the MDJ hearing that Appellant had committed the traffic offense had no bearing on whether Trooper Campbell

had probable cause to conduct a stop based on that infraction. ***See Dommel***, 885 A.2d at 1002.

The evidence presented at Appellant's trial, which the trial court found credible, established that Trooper Campbell had probable cause to stop Appellant, and thus, he lawfully obtained the evidence of Appellant's suspended license that resulted from the stop. Accordingly, all of Appellant's claims lack merit, and we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/5/2025