713 A.2d 56

COMMONWEALTH of Pennsylvania, Appellee,

v.

Frederick M. BING, Appellant.

Supreme Court of Pennsylvania.

Submitted Dec. 12, 1996.

Decided May 19, 1998.

Stephen D. Kulla for Frederick M. Bing.

John F. Nelson for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### OPINION OF THE COURT

CASTILLE, Justice.

The issue before this Court is whether appellant should be granted a new trial where the trial court refused to order the Commonwealth to disclose to appellant the identity of a confidential informant involved in one of appellant's drug transactions. We affirm the order of the Superior Court and hold that the trial court did not abuse its discretion by refusing to order the Commonwealth to identify the informant.

The relevant facts are as follows: In conjunction with the Franklin County Drug Task Force, the Pennsylvania State Police conducted undercover investigations into the sale of controlled substances in Franklin County. The police employed confidential informants to identify areas in the county where there was drug activity. As a result of these investigations, appellant was arrested and charged with six counts of delivery of a controlled substance for selling cocaine to three undercover state troopers on six separate occasions. The trial court granted appellant's subsequent motion to sever. In accordance with appellant's request, all charges were to be tried separately except for charges pertaining to two transactions which occurred on the same day. The issue in this matter arises from appellant's non-jury trial on the two counts of drug delivery which occurred on September 23, 1993.

In the first transaction, Pennsylvania State Police Officer Paulette Crosby was working in an undercover capacity at 8:15 p.m. at the intersection of Black Avenue and Liberty Street in Chambersburg Borough. Trooper Crosby was driving an unmarked vehicle with a confidential informant in the passenger seat. After spotting appellant on a bicycle talking to another man and a woman, the trooper drove toward the group and stopped her vehicle. Appellant walked over to the passenger side of the vehicle and asked the informant if Trooper Crosby was "his girl." Trooper Crosby asked appellant if he had "a sixty," meaning sixty dollars worth of crack cocaine. Appellant left briefly, returned to the vehicle several minutes later, and passed three pieces of crack cocaine to the informant in exchange for sixty dollars. The informant handed the cocaine to Trooper Crosby. At trial, Trooper Crosby positively identified appellant as the person who had sold her the drugs. Trooper Crosby also identified appellant as the individual from whom she had purchased drugs on two prior occasions.

The second drug transaction for which appellant was convicted occurred on the same date. Shortly before 10:00 p.m., Pennsylvania State Police Officer Crystal Rodgers, working undercover in an automobile with a different confidential informant in the back seat, approached appellant in a parking

lot of a Chambersburg market. Appellant was again on his bicycle, speaking to an unknown individual. Appellant asked Trooper Rodgers what she wanted, and she asked for "a hundred," meaning one hundred dollars worth of crack cocaine. After entering the front passenger seat of the vehicle, appellant took out a piece of crack cocaine and placed it on his thigh. Trooper Rodgers took the cocaine and handed appellant ten $10.00 bills. At trial, Trooper Rodgers positively identified appellant as the person who had sold her cocaine. In addition, Trooper Rodgers testified that she knew appellant from an earlier incident on September 9, 1993, when appellant had also sold her drugs.

Immediately following each sale, the troopers dispatched a description of appellant over police radio to Corporal Richard Swartz of the Chambersburg Borough Police, who was assisting the Franklin County Drug Task Force as part of his normal police duties. The troopers described appellant as a black male, with an Afro-type haircut and beard, wearing a black leather cap and tan pants. Additionally, Trooper Crosby, who knew appellant as "Butch" from her prior drug dealings with him, dispatched to Corporal Swartz that appellant went by that name. In each instance, Corporal Swartz proceeded to the area of the drug transaction and located appellant on his bicycle. At trial, Corporal Swartz unequivocally identified appellant as the person matching the suspect's description in the area of the crime on the night in question.

Appellant filed a motion to compel the disclosure of the identity of the confidential informant involved in the 10:00 p.m. drug sale with Trooper Rodgers, which the trial court denied.[1] Following a non-jury trial, appellant was convicted of two counts of delivery of a controlled substance. The Superior Court affirmed the judgment of sentence.[2] Appellant filed a

1. In his motion, appellant did not request the identity of the informant present at the transaction with Trooper Crosby. Further, at the hearing on the motion, appellant's counsel specifically informed the court that he sought only the identity of the confidential informant involved in the case with Trooper Rodgers on September 23, 1993. N.T. 8/2/94, at 20.

2. In its opinion, the Superior Court states that "appellant ... contends that the trial court improperly denied his motion for disclosure of the

petition for allowance of appeal in this Court, alleging that the trial court improperly denied his motion for disclosure of the identity of the confidential informant.[3] This Court granted allocatur, and we now affirm.

■ Appellant claims that he was misidentified and that the informant would corroborate this assertion. Pennsylvania Rule of Criminal Procedure 305(B)(2)(a) provides in pertinent part:

Discretionary With the Court. In all court cases, except as otherwise provided in Rule 263 (Disclosure of Testimony Before Investigating Grand Jury), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense and that the request is reasonable:

(a) the names and addresses of all eyewitnesses[.]

This Court has adopted the guidelines articulated by the United States Supreme Court in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), to guide trial courts in the exercise of their discretion in cases where, as here, the defendant requests the identity of a confidential informant who is also an eyewitness:

We believe that no fixed rule with respect to disclosure [of the confidential informant's identity] is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders the nondisclosure erroneous must depend on the

name and address of the confidential **informant** present during the drug **transactions** in question." Slip Opinion at 2, (emphasis added). As previously noted, only the identity of one informant present at one transaction was at issue in the trial court.

3. In his brief before this Court, appellant asserts that the trial court "improperly failed to grant to the defendant disclosure of the confidential informant involved in his alleged **transactions**." Appellant's Brief at 6 (emphasis added). We again emphasize that only the propriety of the trial court's refusal to reveal the identity of the informant from one transaction is preserved for review by this Court.

particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors.

*Commonwealth v. Carter,* 427 Pa. 53, 59, 233 A.2d 284, 287 (1967), (quoting *Roviaro,* at 60–62, 77 S.Ct. 623).

■ In *Carter,* this Court held that the balance tips in favor of disclosure where guilt is found solely on police testimony based on a single observation, where testimony from a more disinterested source, such as the informant, is available. *Id.* at 61, 233 A.2d at 287. However, where other corroboration of the officer's testimony exists, disclosure of the informant's identity is not necessarily required. *Id.* at 59, 233 A.2d at 287. This Court also recognized the importance of the Commonwealth's qualified privilege to maintain the confidentiality of an informant in order to preserve the public's interest in effective law enforcement. *Id.; Commonwealth v. Herron,* 475 Pa. 461, 380 A.2d 1228 (1977). Also, the safety of the confidential informant is a controlling factor in determining whether to reveal his identity.

■ Further, before an informant's identity may be revealed, the defendant must establish pursuant to Pa.R.Crim.P. 305(B) that the information sought is material to the preparation of the defense and that the request is reasonable. *Commonwealth v. Roebuck,* 545 Pa. 471, 477, 681 A.2d 1279, 1283 (1996). Only after a showing by the defendant that the information sought is material and the request reasonable is the trial court called upon to exercise its discretion to determine whether the information is to be revealed. *Id.* at 478, 681 A.2d at 1283.

In prior cases in which this Court has required the identity of an eyewitness informant to be revealed, the guilt of the defendant was established solely through the testimony of police officers who had viewed the defendant only a single time, or through the uncorroborated testimony of a single officer. For example, the appellant in *Carter* was convicted of selling narcotics to an informant in the presence of an under-

cover officer. At trial, the only Commonwealth witnesses were the purchasing officer and an agent for the Federal Bureau of Narcotics who was sitting in a car parked half a block away at the time of the sale. Not only were the identifications of the appellant by both witnesses based on a single viewing, but the defense consisted solely of appellant's claim of mistaken identity. Under these circumstances, this Court held that the trial court's refusal to order the Commonwealth to disclose the name of the confidential informant constituted reversible error.

In *Commonwealth v. Payne*, 540 Pa. 54, 656 A.2d 77 (1994), the appellant sold cocaine to an undercover Pennsylvania State Trooper in the presence of an informant. The appellant was not arrested until seven months after the incident. At trial, the officer, who had never encountered the appellant before, was the only prosecution witness. The appellant raised a mistaken identity defense, testifying that he had not met the trooper prior to his arrest and that he had not been in the apartment complex where the incident occurred. Because of the single viewing of appellant by a single officer, and the lapse of time between the sale and the arrest which allowed for the possible impairment of the officer's memory, this Court held that the identity of the informant should have been revealed.

In *Commonwealth v. Roebuck*, 545 Pa. 471, 681 A.2d 1279 (1996), the appellant sold narcotics to an undercover officer on two occasions in the presence of an informant. In concluding that disclosure of the informant's identity was required with respect to the initial transaction, this Court reasoned that, as in *Payne* and *Carter*, the only eyewitness to that transaction other than the confidential informant was a police officer.[4] The Court further noted that "there was no evidence whatsoever presented that disclosure would jeopardize the safety of

4. With respect to the second transaction in *Roebuck*, this Court determined that disclosure of the informant's identity was not necessary because the defense called as a witness a man who was present at the second transaction and who testified that appellant had not been present at the sale.

the confidential informant...." 545 Pa. at 480, 681 A.2d at 1284.

Here, unlike in *Payne, Carter,* and *Roebuck,* the identification of appellant was based on **seven** separate observations by **three** different individuals; two by Trooper Rogers, three by Trooper Crosby and two by Corporal Swartz.[5] Troopers Rodgers and Crosby testified at trial and independently identified appellant as the man on the bicycle who had sold them drugs on September 23, 1993. Additionally, the troopers' testimony was corroborated by that of Corporal Swartz, who made follow-up identifications of appellant shortly after the deliveries were made. Further, Trooper Rogers specifically remembered appellant as the same person who had sold her drugs on September 9, 1993, and Trooper Crosby recognized appellant from her prior transactions with him. Furthermore, appellant was in the passenger seat of Trooper Rodgers automobile during the transaction. The trooper observed appellant for a significant amount of time and at a close distance. These numerous viewings substantially undermine the need for disclosure of the identity of the confidential informant on the ground of misidentification. Thus, the risk

**5.** According to the dissenting opinion of the Superior Court, the identifications of appellant arising from drug transactions which occurred prior to September 23, 1993 should not be considered in determining whether the trial court properly denied appellant's motion for disclosure, because the charges arising from those transactions were severed from this case. Despite the severance, however, the fact that the troopers were acquainted with appellant prior to September 23, 1993 remains relevant to the reliability of their identifications of him and thus relevant to the disclosure issue.

Notably, moreover, appellant voiced no objection when the evidence of the troopers' prior contacts with appellant were introduced at the hearing on his motion to compel disclosure of the informant's identity. We will not consider reversing the trial court on the basis of an issue that was not preserved by the appropriate and timely objection. *See Commonwealth v. Kilgore,* 547 Pa. 346, 348, 690 A.2d 229, 230 (1997) (matters not raised in the trial court cannot be considered on appeal). Indeed, appellant has never argued the position advanced by the dissenting opinion of the Superior Court, and this Court will not reach out and reverse a conviction on the basis of an issue not presented by the parties. *See Commonwealth v. Hughes,* 468 Pa. 502, 507, 364 A.2d 306, 309 (1976) (courts may not raise an issue *sua sponte* ).

of misidentification that was present in *Payne, Carter,* and *Roebuck* is not present in the instant case. The fact that there were numerous observations of the seller, although not legally determinative, weighs in favor of maintaining the Commonwealth's privilege. *Roebuck,* at 479 n. 8, 681 A.2d at 1284 n. 8.

Most significantly, at the hearing on appellant's motion, the Commonwealth presented evidence that demonstrated that the confidential informant's safety would be jeopardized by disclosure of his identity. Trooper Mike Ruda, the Pennsylvania State Police officer assigned as coordinator of the Franklin County Drug Task Force, testified that the informant who had worked with Trooper Crosby had been harassed as recently as one month before the hearing, and had received a threat stemming from his suspected cooperation with police. The informant working with Trooper Rodgers was assaulted after it became known in the community that Trooper Rodgers had been seen with members of the Drug Task Force. Thus, the evidence presented by the Commonwealth demonstrated that revealing the identity of the informant could place his physical safety in jeopardy.

It is this showing of a reasonably specific type of danger which justifies keeping an informant's identity confidential. In *Commonwealth v. Miller,* 513 Pa. 118, 518 A.2d 1187 (1986), this Court held that in order to protect the anonymity and safety of an informant, the Commonwealth was not required to reveal the names of arrestees anonymously referred to in an affidavit for a search warrant who had been previously arrested based on the strength of tips from the confidential informant. Although the appellant in *Miller* did not seek the actual disclosure of the identity of the informant, it was clear that the information sought would have reasonably led to disclosure of the informant's identity. The detective involved in the appellant's case testified at the hearing that the informant had given police information on numerous criminal offenses which led to arrests. All of the arrestees lived within

three square blocks of the informant, and the informant had daily contact with their families. The detective further testified that if the appellant or others from the appellant's neighborhood learned the names of the prior arrestees referred to in the affidavit, the informant's life would be severely imperiled. On the basis of this evidence, this Court held that the disclosure of the identity of an informant is not required when the safety of the informant would be jeopardized. *Id.* at 132, 518 A.2d at 1195.

Likewise, in *Commonwealth v. Weidenmoyer,* 518 Pa. 2, 539 A.2d 1291 (1988), the appellee sought the names of prior cases in which the informant involved in his case had provided information. At the suppression hearing, the state trooper refused to reveal the information, because members of a violent motorcycle gang had threatened reprisals against a witness in the appellee's case. On the basis of this evidence, this Court affirmed the position that it took in *Miller;* under such circumstances, in order to protect the identity and the safety of the informant, no disclosure was required. *Id.* at 11, 539 A.2d at 1295.

Here, balancing the considerations as we must under *Carter,* we find that the trial court did not abuse its discretion in withholding the identity of the confidential informant. There was minimal risk of misidentification on the part of the police, and there was a concurrent risk that the informant would be placed in danger of physical harm if his identity were to be revealed or confirmed. Accordingly, we affirm.