# Commonwealth v. Richardson

C.P. of Fayette County, no. 1014 of 2002.

*Mark D. Brooks,* for Commonwealth.
*Jack W. Connor,* for defendant.

LESKINEN, *J.,* March 12, 2003—This matter comes before the court on two motions filed by the defendant which were consolidated for hearing by the court and heard together on February 10, 2003. The first motion seeks dismissal of the criminal complaint because of the delay in filing, while the second motion seeks disclosure of the identity of the "confidential informant" who participated in the drug purchase with the prosecuting officer. For the reasons set forth hereinafter, this court will deny the first motion; and must grant the second motion, subject to the conditions set forth.

The charges against this defendant arise from an undercover purchase of .38 grams of crack cocaine from an individual identified as the defendant on June 27, 2000 in the South Hills Terrace Housing Project in Brownsville Borough, Fayette County. An as yet unidentified "confidential informant" introduced the trooper to the seller, identified the seller as this defendant, and was present during the purchase. The trooper never made another purchase from this defendant, and no other witness is alleged to have observed the transaction or independently corroborated the identification. The trooper testified that he feared for the safety of the confidential informant if his or her identity was disclosed, without providing any specifically pertinent incident in support of that fear. The

charges were filed before the district justice on June 5, 2002, which was just 22 days before the expiration of the statute of limitations for the simple possession charge, albeit three years and 22 days before the expiration of the statute of limitations for the possession with intent to deliver and the delivery charge.

Even where a criminal complaint is filed within the pertinent statute of limitations, a pre-arrest delay can be challenged as a violation of the defendant's right to due process under the 14th Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. In order to prevail on a due process claim based on pre-arrest delay, the defendant must first show that the delay caused him or her actual prejudice, that is, substantially impaired his or her ability to defend against the charges. *Commonwealth v. Scher,* 569 Pa. 284, 803 A.2d 1204 (2002), *cert. denied,* 123 S.Ct.1498, 2003 WL 132764, 71 USLW 3476 (3/10/03). This issue is intertwined with the second issue in the sense that defendant's ability to recall the transaction and/or to investigate whether any other individual may have been using his name while selling crack cocaine at that time and place may have been impaired by the passage of time. However, even where there is a colorable claim of prejudice, the evidence must show that the pre-arrest delay was the product of intentional, bad faith or reckless conduct by the prosecution. Negligence, without more, is not enough. *Id.* The trooper testified that his reasons for delaying this arrest included his desire to protect his undercover identity and to complete various other investigations before publicly disclosing his identity as a police officer by filing this complaint. The defense presented no persuasive evidence to the contrary, which could have included other

criminal complaints filed by this trooper in the area in the meantime, if any. Therefore, this court finds as a fact that there was no intentional, bad faith or reckless conduct by the prosecution relative to the pre-arrest delay in this case.

The second issue involves the defendant's constitutional right to present a defense, and to have a reasonable opportunity to prepare one. In this case, defense counsel asserts that other individuals in the vicinity could have been using the defendant's name while selling crack cocaine, and further asserts that the confidential informant could provide exculpatory testimony. In order to determine whether or not the confidential informant could exculpate the defendant, however, counsel obviously needs to know the identity and address of the confidential informant. It is entirely possible that the motion to discover the confidential informant's identity is a device to test the Commonwealth's commitment to this particular informant, and/or to allow the intimidation of the informant prior to trial. If the Commonwealth is ordered to disclose and refuses, the case is dismissed; while early disclosure could lead to intimidation and an informant testifying for the defense out of fear. Either way, the device is a success for the defense. Conversely, after disclosure is ordered, the informant may feel less need to avoid testifying, and may voluntarily testify for the prosecution, corroborating the trooper's identification of the defendant.

The guidelines governing disclosure are as follows:

"We believe that no fixed rule with respect to disclosure [of the confidential informant's identity] is justifiable. The problem is one that calls for balancing the public

interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstance of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Commonwealth v. Carter,* 427 Pa. 53, 59, 233 A.2d 284, 287 (1967) (quoting *Roviaro v. United States,* 353 U.S. 53, 60-62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)).

This balance is initially weighted toward the Commonwealth, which holds a qualified privilege to maintain an informant's confidentiality to preserve the public's interest in effective law enforcement. *Commonwealth v. Bing,* 551 Pa. 659, 713 A.2d 56, 58 (1998). "However, the balance tips in favor of disclosure where guilt is found solely on police testimony, from a single observation [and] testimony from a disinterested source, such as the informant, is available." *Id.* (citing *Carter,* 427 Pa. at 61, 233 A.2d at 287).

Before the informant's identity must be revealed, however, the accused must show the information is material to the defense and the request is reasonable. The defendant need not show exactly what the informant will say [how could he?], but he must demonstrate a reasonable possibility that the informant could give evidence that would exculpate the defendant. *Commonweatlh v. Roebuck,* 545 Pa. 471, 478, 681 A.2d 1279, 1283 (1996).

The appellate cases reviewed by this court do not make clear when the defense may seek disclosure, nor whether the defense has the burden of presenting evidence in order to require disclosure. Some of the appellate cases

obviously deal with disclosure at the time of trial, after the defense has already presented evidence of misidentification. *Commonwealth v. Payne,* 540 Pa. 54, 656 A.2d 77 (1994) (where there was a pre-arrest delay of seven months that could have impaired the officer's memory, where the defendant testified that it was not him and there was only a single viewing by the sole prosecution witness, disclosure was required). However, given that the defense is never required to prove innocence, this court is unwilling to wait to see what testimony the defense offers. What if the defense offers no testimony? The defense could certainly argue misidentification anyway. It is realistically the only available defense.

At the hearing in this matter, it was established that the trooper had a pager number for the seller, but there was no evidence tying the pager to this defendant. Moreover, the complaint had no address for the defendant. Finally, the trooper agreed that it was common for the sellers of illegal drugs to use the names of other local persons during their transactions as a way of protecting themselves. The trooper testified to only one transaction with this defendant, and stated that he verified identity using a driver's license picture, but he could provide no other witness to corroborate his identification.

Under these circumstances, the above-cited cases require that disclosure be made before the evidence in the case is closed. For the disclosure to be meaningful, it must be made in good faith, meaning that it must allow the defense adequate time to investigate the current whereabouts of the informant so that he can be subpoenaed by the defense; or that the prosecution must produce the informant at trial for questioning. By withhold-

ing disclosure until at or about the time of trial, the opportunity to intimidate the informant is limited, and retaliation after the informant's testimony is less likely than intimidation beforehand. In either event, the defense must also have reasonable access to the informant's criminal history in order to allow for impeachment.

For all of the above reasons, this court enters the following:

## ORDER

And now, March 12, 2003, defendant's motion to dismiss is denied. The defendant's motion for discovery is granted and the Commonwealth is ordered to provide the name and address of the confidential informant to defense counsel forthwith, together with the informant's current criminal history and other exculpatory impeachment material; or in lieu thereof to subpoena and produce the informant and the aforesaid impeachment material at the time of trial.