J-S65007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARC S. BATES A/K/A MARC S. | : | |
| BATTES | : | |
| | : | No. 1707 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence August 26, 2017
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001906-2014

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY SHOGAN, J.:                **FILED DECEMBER 24, 2018**

Marc S. Bates, also known as Marc S. Battes, appeals from the judgment of sentence entered August 26, 2017, in the Lebanon County Court of Common Pleas.  We affirm.

This Court previously summarized the facts of the case and initial procedural history as follows:

> On October 14, 2014, the Commonwealth charged [Appellant] with delivery of cocaine and criminal use of a communications facility.  At trial, the Commonwealth presented evidence that Sergeant Brett Hopkins of the Lebanon County Drug Task Force utilized a confidential informant ("CI") to introduce him to a cocaine dealer known only as "Mighty Mike."  N.T., Trial, 6/10/15, at 4–8.  The CI contacted Mighty Mike and arranged for a cocaine transaction.  ***See id.***, at 9.
>
> Shortly before 10 p.m., a white car, later determined to be [Appellant's], pulled up on the street in front of Sergeant Hopkins and the CI.  ***See id.***, at 9; 33–34.  Sergeant Hopkins testified that he saw, but could not identify, a Hispanic female driving the

vehicle. *See id.*, at 26. A black male exited the vehicle and approached the CI. *See id.*, at 9. Sergeant Hopkins handed the CI $100 of "prerecorded drug task force funds," and the CI immediately handed the money to the black male. *Id.* In exchange, the man handed the CI a white envelope containing crack cocaine and then quickly departed. *See id.*, at 10.

The transaction lasted no more than a minute. *See id.*, at 26. During that time, Sergeant Hopkins stood within inches of the black male. *See id.*, at 17. He stated that he got a clear look at the man's face. *See id.*, at 28. Sergeant Hopkins positively identified [Appellant] as the man who handed the envelope to the CI. *See id.*, at 8.

[Appellant] pursued a mistaken identity defense at trial. In furtherance of this strategy, he sought pre-trial disclosure of the identity of the CI. The trial court denied this request. Furthermore, [Appellant] sought to present the testimony of his girlfriend, Ali Marinkov. [Appellant] proffered that Marinkov would testify that during the time in question, she would take [Appellant's] car with people other than [Appellant] to engage in narcotics transactions. The trial court barred Marinkov's testimony on the grounds that she was an undisclosed alibi witness. Finally, [Appellant] sought to introduce a picture of himself and his brother in an attempt to bolster his argument that Sergeant Hopkins had mistakenly identified him. The trial court denied admission of the photograph on the ground that [Appellant] could not present the testimony of the person who had taken the photograph.

The trial court entered a directed verdict on the criminal use of a communications facil[i]ty charge, and the jury convicted [Appellant] on the delivery of cocaine charge. [Appellant] filed a post-sentence motion, which the trial court denied.

*Commonwealth v. Bates*, 161 A.3d 376, 291 MDA 2016 (Pa. Super. filed February 13, 2017) (unpublished memorandum at *1).

In the prior appeal, we affirmed the trial court's determination that the evidence at trial was sufficient to establish Appellant's identity as the perpetrator, that the verdict was not against the weight of the evidence, and

- 2 -

that the trial court did not err in denying admission of the photograph of Appellant's brother because the photograph was not relevant to any issue at trial, thereby affirming the judgment of sentence in part. However, we also concluded that we were unable to address Appellant's claim that the trial court erred in denying the pretrial disclosure of the CI's identity, and we remanded to the trial court for a hearing. **Bates**, 291 MDA 2016 (unpublished memorandum at *4). In addition, we determined that the trial court erred in denying Appellant the opportunity to present the testimony of his girlfriend because it impacted Appellant's mistaken-identity defense. Thus, we vacated that ruling and remanded "for both sides to be given an opportunity to provide proffers or evidence addressing the issue of relevance." **Id.**

Upon remand, on September 25, 2017, the trial court held a hearing at which Sergeant Hopkins was the sole witness. Following the hearing, the trial court ruled from the bench, and subsequently filed an order on September 26, 2017, confirming its denial of disclosure of the CI's identity. The trial court concluded that "the disclosure of the identification of the [CI] in this case could and would present danger to that [CI] . . . ." Order, 9/26/17, at 2. Also in that order, the trial court observed that Appellant waived the issue regarding the presentation of Appellant's girlfriend as a witness.[1] **Id.** Appellant filed a

---

[1] Appellant confirmed at the remand hearing that he was withdrawing the issue concerning his request to have his girlfriend testify. N.T., 9/25/17, at 13–14.

timely notice of appeal; Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following single issue for review: "Did the Trial Court err by denying Appellant's oral pretrial motion for disclosure of the identity of the Confidential Informant?" Appellant's Brief at 4. In making this argument, Appellant asserts that the Commonwealth failed to establish that at the time of trial, "there existed a reasonably specific type of danger that would result from the disclosure of the CI's identity." Appellant's Brief at 11. Appellant does not support any bald allegation in his brief with citation to the notes of testimony.[2] *Id.* at 11–12. *See Commonwealth v. Rompilla*, 983 A.2d 1207 (Pa. 2009) (an appellant's failure to support bald assertions with sufficient citation can impede meaningful judicial review).

"Our standard of review of claims that a trial court erred in its disposition of a request for disclosure of an informant's identity is confined to abuse of discretion." *Commonwealth v. Jordan*, 125 A.3d 55, 62 (Pa. Super. 2015) (*en banc*). *Jordan* delineated the applicable Pennsylvania Supreme Court precedent outlining the test employed to determine whether the Commonwealth must reveal the identity of a confidential informant, as

---

[2] We note that the Commonwealth, as well, has failed to support its references to Sergeant Hopkins's testimony with citations to the notes of testimony. Commonwealth's Brief at 11.

contained in **Commonwealth v. Bing**, 713 A.2d 56 (Pa. 1998).[3]  The Commonwealth retains a qualified privilege to withhold the identity of a confidential source.  **Commonwealth v. Watson**, 69 A.3d 605, 607 (Pa. Super. 2013).  In order to overcome the Commonwealth's privilege and obtain disclosure of a CI's identity during pretrial discovery, the defendant must establish that the informant's identity is material to the preparation of a defense and that the request is reasonable.  **Jordan**, 125 A.3d at 63; Pa.R.Crim.P. 573(B)(2)(i).  The trial court may not exercise its discretion to determine whether disclosure is required until the defendant makes the threshold showing of materiality and reasonableness.  **Jordan**, 125 A.3d at 63.  If a defendant is able to establish the threshold showing of materiality and reasonableness, the court must:

> balance the public interest in the police's ability to obtain information[,] against the defendant's right to prepare his defense.  In this connection, we consider the crime, the potential defense, and the significance of the confidential informant's testimony.  **The scales tip in favor of disclosure if the Commonwealth will be relying on police testimony based on a single observation.**  If other proof corroborates a police officer's testimony, disclosure is not mandated.  Furthermore, **the safety of the confidential informant can be a controlling factor in determining whether to reveal a source's identity**.

---

[3]  While Appellant cites to **Commonwealth v. Marsh**, 997 A.2d 318 (Pa. 2010), for the applicable test, the **Jordan** Court noted that **Marsh** was a plurality decision with respect to the balancing factors to be applied in this context. **Jordan**, 125 A.3d at 62 n.3.

*Id.* (emphases added). We previously concluded that Appellant "established that the identity of the CI was material to his mistaken identity defense." *Bates*, 291 MDA 2016 (unpublished memorandum at *4). We also previously concluded that "absent evidence of a 'reasonably specific type of danger' to the CI, disclosure of the [CI's] identity was warranted." *Id.* Thus, the only question before the court upon remand regarding this issue concerned whether the safety of the CI compelled nondisclosure of his identity.

As noted *supra*, Sergeant Hopkins was the sole witness at the September 25, 2017 hearing upon remand. Sergeant Hopkins testified that in early 2015, prior to trial, he and Detective Mong[4] met with the CI. N.T., 9/25/17, at 5. The CI relayed to police that he had been "harassed by a girlfriend of a [d]efendant[] that [he] had been involved in a drug buy [with] and the person was already incarcerated." *Id.* at 6. In another instance, the CI, who had recently had hip surgery, had been assaulted in retaliation for his cooperation before the trial. *Id.* at 6, 9. The CI believed his name "was out there and [he was] being targeted because of cooperation with law enforcement." *Id.* at 6. Sergeant Hopkins, a thirty-year member of the Drug Task Force who worked with informants on a weekly basis, testified that he was concerned, based on his knowledge of the CI's involvement in this case,

---

[4] Detective Mong's given name is not identified in the record.

that the CI "would be subject to further harassment or assault if his or her identity were disclosed in this case." *Id.* at 7.

Based on this evidence, the trial court found:

by evidence clearly that the disclosure of the identification of the [CI] in this case could and would present danger to that [CI] if it was disclosed and therefore it's an exception to the Payne[5] case consistent with Commonwealth v. Marsh, 997 A.2d 318. For that reason, the [c]ourt would deny the Pre-Trial Motion had it been heard at the appropriate time and also rules in this manner upon remand by the Superior Court.

Order, 9/26/17, at 2.

Thus, the trial court weighed the competing interests and concluded that the scales tip against disclosure of the CI's identity. Here, as in ***Bing***, the Commonwealth demonstrated, through Sergeant Hopkins's testimony, that revealing the identity of the [CI] could place his physical safety in jeopardy. "It is this showing of a reasonably specific type of danger which justifies keeping an informant's identity confidential." ***Bing***, 713 A.2d at 60 (*citing* ***Commonwealth v. Miller***, 518 A.2d 1187 (Pa. 1986).[6] This was a

---

[5] ***Commonwealth v. Payne***, 656 A.2d 77 (Pa. 1994), wherein our Supreme Court held that the combination of the single view of the appellant by one police officer and the time lapse between the sale and the arrest mandated that the identity of the informant should have been revealed. ***Payne*** did not involve testimony concerning the CI's safety.

[6] Appellant's bald assertion in his brief, cited without any substantiation, that the CI's identity was disclosed in some unidentified trial does not require a different result. Appellant's Brief at 11. ***See*** N.T., 9/25/17, at 8–9 (CI's identity was disclosed in a trial subsequent to Appellant's trial and CI was assaulted thereby requiring hospitalization).

determination left to the sound discretion of the trial court, and we discern no abuse of that discretion. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/24/2018