J-S45038-23

2024 PA Super 50

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SCOTT LEE SUTTON :
:
Appellant : No. 373 MDA 2023

Appeal from the Order Entered February 8, 2023
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000613-2022

BEFORE: BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED: MARCH 19, 2024**

The Commonwealth appeals from a pretrial order entered in the Court of Common Pleas of Bradford County quashing two counts of Delivery of a Controlled Substance pursuant to Defendant/Appellee's *habeas corpus* petition seeking dismissal of the drug delivery charges and disclosure of the identity of the confidential informant ("CI"). We reverse and remand for further proceedings.

The facts are straightforward. At Appellee's October 14, 2022, preliminary hearing, the Commonwealth presented the testimony of Bradford County Detective Michael Lamana, a law enforcement officer with seven years' experience and who at the relevant time was assigned to the Bradford County Drug Taskforce. Detective Lamana described his involvement with two controlled buys executed by a CI inside of Appellee's residence on February

_____

[*] Former Justice specially assigned to the Superior Court.

16, 2022, and sometime in March of 2022, respectively. In each controlled buy, the detective verified that no drugs or money were on the CI's person, supplied the CI with pre-recorded buy money, witnessed a transport officer drive the CI to Appellee's residence, and observed the CI enter the residence. Remaining at the scene for the entire time, Detective Lamana eventually observed the CI exit Appellee's residence, walk directly to the transport vehicle, hand over suspected methamphetamine, and undergo a personal search uncovering no other contraband or money. N.T., 10/14/22, at 6.

As is typical in such situations, no law enforcement officer, including Detective Lamana, witnessed the exchange of drugs for money that occurred inside Appellee's residence. Instead, the CI, alone, witnessed the exchange, and Detective Lamana's testimony related the CI's out-of-court statement to him identifying Appellee as the person who sold methamphetamine to him in the trailer. N.T. at 6, 7-11. Appellee's two delivery charges stem from the controlled buys described. Detective Lamana was available for cross examination.

Defense counsel moved to dismiss the charges on grounds that the Commonwealth relied entirely on inadmissible hearsay to make its *prima facie* case identifying Appellee as the methamphetamine dealer in the two controlled buys. N.T. at 11-12, 13. The magisterial district judge denied defense counsel's motion, concluding that the Commonwealth presented *prima facie* evidence as to each element of the crimes charged. Accordingly, he bound over all charges to the Court of Common Pleas.

On December 2, 2022, defense counsel filed an omnibus pretrial motion for *habeas* relief[1] asserting, *inter alia*, that the charges must be dismissed because the Commonwealth had presented insufficient evidence at the preliminary hearing to make a *prima facie* case of the methamphetamine dealer's identity when it relied solely on inadmissible hearsay offered by Detective Lamana's testimony. Should the trial court deny the motion for dismissal, the omnibus motion requested disclosure of the CI's identity as essential to the preparation of Appellee's defense against the charges brought against him.

The Commonwealth filed a brief in opposition to Appellee's pretrial motion in which it argued that it had presented *prima facie* evidence as to each element of the charges, including the identity of the dealer. It further contended that it retained a legally recognized, qualified right not to disclose the identity of its CI at the preliminary hearing, particularly where the defense had not filed a motion to disclose the CI's identity prior to the preliminary hearing.

In its order and opinion of February 8, 2023, the trial court determined that the lack of admissible direct evidence as to the identity of the individual who dealt methamphetamine to the CI required quashal of the charges filed

---

[1] A pre-trial *habeas corpus* motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a *prima facie* case. **Commonwealth v. Dantzler**, 135 A.3d 1109, 1111-12 (Pa. Super. 2016) (citations and quotations omitted).

against Appellee. In reaching this determination, the trial court relied on

***Commonwealth v. Harris***, 269 A.3d 534 (Pa. Super. 2022), *reargument denied* (Mar. 14, 2022), ***appeal granted***, 285 A.3d 883 (Pa. 2022),[2] in which a panel of this Court held the Commonwealth may not rely solely on hearsay evidence at a preliminary hearing to make its *prima facie* case that the defendant was the person who committed the crime charged, even if direct evidence was offered to establish that the alleged crime occurred.

Rejecting Detective Lamana's testimony regarding the CI's incriminating statements, the trial court reasoned that the remainder of the Commonwealth's evidentiary proffer at the preliminary hearing was insufficient to make a *prima facie* case of identity:

> the Commonwealth did not present any evidence that Defendant possessed or delivered a controlled substance. There was no evidence that Defendant was in the residence at the time the CI entered. The only evidence is that the residence is the address on Defendant's license and probation plan. This does not give rise to the inference that Defendant was in the residence and does not give rise to the inference that Defendant possessed the controlled substance and delivered the controlled substance.
>
> The charges are hereby quashed.

---

[2] By *per curiam* order at No. 104 EAL 202, our Supreme Court granted the Commonwealth's petition for allowance of appeal in ***Harris*** and identified the issue to be raised on appeal as, "Whether the Commonwealth, based on constitutional or non-constitutional principles, is prohibited from proceeding to trial following a preliminary hearing where it presented non-hearsay evidence establishing elements of the crimes charged and established the defendant's identity through hearsay evidence from officers who personally interviewed the shooting victim in the immediate aftermath of the crime and to whom the victim identified his shooters by name and in the photographs."

Trial Court Order/Opinion, 2/8/23, at 6.

The Commonwealth filed the present appeal raising the following two related questions:

1. Did the Suppression Court err in granting the Writ of *Habeas Corpus* on the grounds/reasoning of **Harris**/**McClelland**?

2. Did the Suppression Court err in finding that the Commonwealth did not present a *prima facie* case at the preliminary hearing?

Brief of Appellant, at 3

Addressing the merits of the Commonwealth's appeal,[3] we note our standard of review. The evidentiary sufficiency of the Commonwealth's *prima facie* case for a charged crime is a question of law for which our standard of review is *de novo* and our scope of review is plenary. **See Harris**, **supra** (citing **Commonwealth v. Wroten**, 257 A.3d 734, 742 (Pa. Super. 2021)).

This Court has explained,

The preliminary hearing is not a trial and serves the principal function of protecting the accused's right against an unlawful arrest and detention. At a preliminary hearing, the Commonwealth bears the burden of proving the *prima facie* case, which is met when it produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. The

---

[3] Initially, we *sua sponte* determine that we have subject matter jurisdiction over the Commonwealth's interlocutory appeal from a pretrial order dismissing charges on a pretrial *habeas* petition asserting a lack of evidence. **See Harris**, 269 A.3d at 538-39 (concluding that binding precedential authority holds that jurisdiction attaches even though the Commonwealth could have opted to refile charges after an order granting a petition for *habeas* relief for want of evidence).

> evidence supporting a *prima facie* case need not establish the defendant's guilt beyond a reasonable doubt, but must only demonstrate that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to proceed to a jury.

***Wroten***, 257 A.3d at 742 (citations omitted and formatting altered); ***see also*** Pa.R.Crim.P. 542(D) (stating that "[a]t the preliminary hearing, the issuing authority shall determine from the evidence presented whether there is a *prima facie* case that (1) an offense has been committed and (2) the defendant has committed it").

The first question raised in the case *sub judice* is whether the trial court correctly ruled that under controlling authority the Commonwealth may not rely solely on hearsay evidence to make a *prima facie* showing at a preliminary hearing that a defendant perpetrated the crimes charged, even where it otherwise presents direct evidence that the crimes occurred. ***See*** TCO, 2/9/23, at 6. As noted, the trial court relied in substantial part upon this Court's recent opinion in ***Harris***, where a panel of this Court addressed this very question by examining Pennsylvania Rule of Criminal Procedure 542(E) and interpretive decisional law.

Pursuant to Rule 542(E) of the Pennsylvania Rules of Criminal Procedure,

> hearsay as provided by law shall be considered by the issuing authority in determining whether a *prima facie* case has been established. Hearsay evidence shall be sufficient to establish any element of an offense, including, but not limited to, those requiring proof of the ownership of, non-permitted use of, damage to, or value of property.

Pa.R.Crim.P. 542(E).[4]

In **Harris**, this Court determined that Pennsylvania Supreme Court jurisprudence[5] on Rule 542(E) prohibited the Commonwealth from relying solely on hearsay evidence at a preliminary hearing to make its *prima facie* case that the defendant was the person who committed the crime charged, even if direct evidence established that the alleged crime occurred. **Harris**, 269 A.3d at 536. Because the Commonwealth had relied on hearsay evidence alone to identify and implicate defendant Harris, this Court concluded there was "insufficient evidence to establish a *prima facie* case as to each element at the preliminary hearing."

There is no dispute that to identify Appellee as the perpetrator of the charged offenses, the Commonwealth relied on Detective Lamana's hearsay testimony relating the CI's out-of-court statements offered for the truth of the

---

[4] A statement is hearsay if made out of court and offered in court for the truth of the matter asserted in the statement. **Commonwealth v. Fitzpatrick**, 255 A.3d 452, 458 (Pa. 2021); Pa.R.E. 801(c) (defining hearsay as "a statement that the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement.").

[5] *See* **Commonwealth v. McClelland**, 233 A.3d 717 (Pa. 2020) ("**McClelland II**") and **Commonwealth ex. Rel. Buchanan v. Verbonitz**, 581 A.2d 172 (Pa. 1999), discussed *infra*.

matter they asserted, namely, that Appellee was the dealer in the two controlled buys.[6]

The Commonwealth argues that to read in **Harris** a requirement that a prosecutor unilaterally must produce a CI at a preliminary hearing and, thus, disclose his/her identity at the earliest phase of a prosecution unduly brings about the unintended consequence of overturning longstanding precedent recognizing in the Commonwealth a qualified privilege to withhold a CI's identity for both the CI's own protection and society's interest in effective law enforcement.[7]

Under the qualified privilege, not until a defendant demonstrates to the trial court that the request for disclosure is reasonable and that said disclosure of either the CI's identity or the contents of the CI's communications to law enforcement will be material to their defense may a court grant a motion to disclose the CI's identity. **See Marsh** (discussed *infra*).

_____

[6] The Commonwealth argues that it made a *prima facie* showing of Appellee's identity through the detective's testimony that the inescapable inference was that Appellee was the person dealing methamphetamine from his own trailer. At the preliminary hearing, however, Detective Lamana ultimately conceded that it was the CI's out-of-court statements identifying Appellee as the dealer that formed the basis for the filing of charges against Appellee. **See** N.T. at 16.

[7] Our Supreme Court "has repeatedly recognized the importance of the Commonwealth's qualified privilege to maintain the confidentiality of an informant in order to preserve the public's interest in effective law enforcement." **Commonwealth v. Marsh**, 997 A.2d 318, 324 (Pa. 2010) (OAJC) (citation and internal quotation marks omitted).
.

We would be bound by the holding in **Harris** if the present facts involving the use of a CI fell squarely within its ambit. **See**, **e.g.**, **Commonwealth v. McGogney**, unpublished memorandum, 293 A.3d 610, *4 n.3 (Pa. Super. filed February 14, 2023) (citing authority holding "precedent (*stare decisis*) requires [a three-judge panel of this Court] to adhere to a ruling of this Court until it is reversed either by our Supreme Court or an *en banc* panel of [the] Superior Court").[8] **Harris**, however, does not vitiate jurisprudence that has promoted an accountable, prescribed system recognizing a qualified privilege of keeping informants' identities confidential and permitting use of their statements to law enforcement at preliminary hearings. This is particularly so where, as in the present case, the Commonwealth certified with the trial court that the CI will be produced at trial and where defendant/Appellee had not established at the preliminary hearing that the qualified privilege rubric required disclosure because the information sought was material to the preparation of the defense and that the request is reasonable.

To apply **Harris** to the facts in the case *sub judice* would eliminate the qualified privilege of protecting the identity of confidential informants at the preliminary hearing stage of the proceedings. Moreover, as a policy matter,

---

[8] Per 210 Pa. Code § 65.37 (Non-Precedential Decisions (formerly titled Unpublished Memorandum Decisions)), non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value. **See also** Pa.R.A.P. 126(b) (Citations of Authorities).

such a result would hamper the effects of law enforcement to enforce the laws against the illegal use of controlled substances.

This Court has recognized our Supreme Court's observations in **Marsh** on both the important public policy considerations warranting the use of CIs and the due process safeguards inherent in the procedures that apply to a defendant's request for disclosure of a CI's identity:

> Under Pennsylvania Rule of Criminal Procedure 573, a trial court has the discretion to require the Commonwealth to reveal the names and addresses of all eyewitnesses, including confidential informants, where a defendant makes a showing of material need and reasonableness:
>
> > (a) In all court cases, except as otherwise provided in Rule 230 (Disclosure of Testimony Before Investigating Grand Jury), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:
> > (i) the names and addresses of eyewitnesses....
>
> Pa.R.Crim.P. 573(B)(2)(a)(i).

The Commonwealth enjoys a qualified privilege to withhold the identity of a confidential source. **Commonwealth v. Bing**, [551 Pa. 659, 713 A.2d 56 (1998)]; **Commonwealth v. Roebuck**, 545 Pa. 471, 681 A.2d 1279, 1283 n. 6 (1996). In order to overcome this qualified privilege and obtain disclosure of a confidential informant's identity, a defendant must first establish, pursuant to Rule 573(B)(2)(a)(i), that the information sought is material to the preparation of the defense and that the request is reasonable. **Roebuck**, **supra** at 1283. Only after the defendant shows that

the identity of the confidential informant is material to the defense is the trial court required to exercise its discretion to determine whether the information should be revealed by balancing relevant factors, which are initially weighted toward the Commonwealth. ***Bing***, ***supra*** at 58; ***Commonwealth v. Herron***, 475 Pa. 461, 380 A.2d 1228 (1977).

In striking the proper balance, the court must consider the following principles:

> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations[,] the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

> [N]o fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

> ***Commonwealth v. Carter***, 427 Pa. 53, 233 A.2d 284, 287 (1967) (quoting ***Roviaro v. United States***, 353 U.S. 53, 60–62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)).

[***Marsh***, 997 A.2d at 321–322]

- 11 -

*Commonwealth v. Williams*, 256 A.3d 43 (Pa. Super. filed May 20, 2021) (non-precedential decision).[9]

We find it was error for the trial court to determine that production of the CI was required at the preliminary hearing under the facts of this case. Rather, authority pertaining to the use of confidential informants requires the balancing of the competing interests present in each individual case prior to deciding the issue of disclosure.

We do not discern in **Harris** a sweeping, policy-changing holding that would undo this entire area of carefully crafted law. To apply **Harris** here would substantially impair law enforcement's use of confidential informants and repeal a longstanding precedent of a qualified privilege requiring judicial review as to the disclosure of confidential informants' identities. Indeed, **Harris** did not involve the use of a confidential informant nor did **Harris** discuss the qualified privilege as to disclosure of a confidential informant.

Here, the record shows the Commonwealth asserted that its prosecution of charges against Appellee would be dependent on the live testimony of the CI, who, it maintained, is willing to testify both to his/her observations made inside Appellee's residence during the two controlled buys and to his/her alleged statements made to Detective Lamana immediately after the controlled buys, consistent with the content of Detective Lamana's testimony

---

[9] Per 210 Pa. Code § 65.37 (Non-Precedential Decisions (formerly titled Unpublished Memorandum Decisions)), non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value. **See also** Pa.R.A.P. 126(b) (Citations of Authorities).

at the preliminary hearing. This fact, alone, distinguishes the present matter from *Harris*, wherein the Commonwealth conceded that the victim of defendant Harris' crime indicated an unwillingness to testify. *Harris* at 548.

Moreover, the facts adduced at Appellee's preliminary hearing included Detective Lamana's admissible testimony that, at each controlled buy, he witnessed the CI enter Appellee's residence possessing only prerecorded buy money and exit the residence possessing only methamphetamine. This direct evidence established a connection between Appellee and the controlled buys that was lacking in *Harris* and *McClelland II*.[10]

The qualified privilege rubric also afforded Appellee due process safeguards that would enable pretrial disclosure of the CI's identity and the contents of his/her communications to law enforcement upon a demonstration that such disclosure was either essential to a fair determination of a cause or relevant and helpful to Appellee.

The qualified privilege predates the holdings of *Harris* and *McClelland II*, and neither decision addressed the use of CIs or indicated an intention of modifying the qualified privilege rubric. As qualified privilege jurisprudence

---

[10] In *Harris*, this Court noted *McClelland* II's admonition against exclusive reliance on hearsay, where the Supreme Court explained, "The primary reason for the preliminary hearing is to protect an individual's right against unlawful arrest and detention. The preliminary hearing seeks to prevent a person from being imprisoned or required to enter bail for a crime which was never committed**, or for a crime with which there is no evidence of his connection**. . . . *Harris*, 269 A.3d at 546, *quoting McClelland II*, 233 A.3d at 736 (emphasis added in *Harris*).

has evolved over time, it carefully has considered the delicate balancing of important, competing interests unique to prosecutions advanced by use of CIs. In this regard, it has eschewed the use of a general standard or broadly applied rule in favor of engaging in a case-by-case assessment of facts within the qualified privilege rubric to determine whether disclosure and production of a CI in court is required. ***See Marsh***.

Because nothing in the ***Harris*** decision addresses the distinct issues present in qualified privilege jurisprudence, we conclude that ***Harris*** does not control the case *sub judice*. Accordingly, finding no deficiency in the Commonwealth's evidentiary proffer at Appellee's preliminary hearing, we remand to the trial court for further proceedings consistent with this decision.

Order reversed. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judge Bowes joins the Opinion.

Judge Lazarus files a Concurring Opinion.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/19/2024

- 14 -