J-A01043-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :         PENNSYLVANIA
                                    :
             v.                       :
                                    :
                                    :
GREGORY M. LOEWEN           :
                                    :
           Appellant            :     No. 371 EDA 2025

Appeal from the Judgment of Sentence Entered January 31, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002200-2024

BEFORE: DUBOW, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:            **FILED FEBRUARY 20, 2026**

     Gregory M. Loewen ("Loewen") appeals from the judgment of sentence following his jury convictions for two counts of possession with intent to deliver and one count each of possession of a controlled substance, possession of drug paraphernalia, and criminal use of communication facility.[1] Because Loewen failed to overcome the qualified privilege limiting disclosure of the identity of a confidential informant, we affirm.

     On July 27, 2022, a confidential informant ("CI") arranged, via text, to buy thirty-five fentanyl pills from Loewen that day at a Wawa in Bensalem. *See* N.T., 11/12/24, at 12, 15. The CI then went to the Bensalem Township Police Department, where Detective Connor Farnan ("Detective Farnan")

_____

[1] *See* 35 P.S. §§ 780-113(a)(30), (a)(16), (a)(32); 18 Pa.C.S.A. § 7512(a).

searched the CI and their[2] vehicle. *See id*. at 16. Detective Farnan provided the CI with $600 of pre-recorded "buy" money. *See id*.

Detective Farnan, Police Officer Tyson Matthew ("Officer Matthew"), and Police Officer Noah Pultro ("Officer Pultro") then went to the scene of the planned transaction. They saw Loewen arrive with his mother in the passenger seat of a tan Lincoln registered in his name. *See id*. at 17; Trial Court Opinion, 4/29/25, at 1. The detective and the officers watched Loewen park at the Wawa's gas pumps, get out of his car, and walk over to the CI. *See* N.T., 11/12/24, at 17, 21. Detective Farnan, Officer Matthew, and Officer Pultro had an unobstructed view of Loewen and the CI from approximately 100 feet away. *See id*. at 18. As they watched, Loewen and the CI spoke briefly, the CI gave Loewen the prerecorded "buy" money, and Loewen placed an item that resembled a cigarette package in the CI's trunk. *See id*. Officer Pultro took several photos of Loewen. *See* Trial Court Opinion, 4/29/25, at 2. Loewen then walked back to the Wawa and then drove to Philadelphia. *See id*.

After the transaction, Detective Farnan followed the CI to a predetermined location, searched their vehicle, and recovered from the trunk a green and white Newport cigarette package containing 35 small, fentanyl pills Loewen had placed there. *See* N.T., 11/12/24, at 18-19. The pills were

---

[2] To preserve the informant's identity, we do not use pronouns that would specify the informant's gender.

later determined to contain 3.31 grams of fentanyl and a mixture of other controlled substances. *See id*. at 41-42.

The CI arranged a second transaction on August 25, 2022. *See id*. at 23. That day, the CI returned to the Bensalem Township police station where Detective Farnan searched them and their vehicle. *See id*. at 22. Detective Farnan gave the CI $600 in prerecorded buy money, then followed the CI to the same Wawa where the previous transaction occurred. *See* Trial Court Opinion, 4/29/25, at 3. Officer Matthew found Loewen's Lincoln parked at a Red Roof Inn nearby. *See* N.T., 11/12/24, at 47. The officer saw Loewen leave a motel room with two cigarette packets in his hands and enter his car. *See id*. at 47-48. Loewen's mother left the same motel room and got into the front passenger seat of Loewen's car. *See id*. at 48.

Officer Shawn Smith ("Officer Smith") used a drone to conduct aerial surveillance of the Red Roof Inn. *See* N.T., 11/13/24, at 14. That surveillance showed Loewen and his mother leave the Red Roof Inn in Loewen's car and drive to the Wawa. *See id*. at 17-18. As he had done previously, Loewen parked at a gas pump and walked over to the CI's vehicle while Lieutenant Michael Brady ("Lieutenant Brady") and Detective Farnan watched from a parking lot approximately sixty to ninety feet away. *See id*. at 18, 29.

The CI's trunk was already open as Loewen removed an object from his pants pocket. *See id*. at 28. Loewen placed the item in the CI's trunk, removed an object from the trunk, and placed that object in his pocket. *See id*. Loewen then walked back to Wawa, entered the driver's seat, and drove

towards Philadelphia. *See id*. at 29. Detective Farnan followed the CI to a predetermined location, searched the CI and their vehicle, and recovered a green-and-white-colored Newport cigarette packet, which held a clear bag containing 35 fentanyl pills later determined to be fentanyl and other controlled substances weighing 3.72 grams. *See* N.T., 11/12/24, at 24-26; N.T., 11/13/24, at 43; Trial Court Opinion, 4/29/25, at 5.

The police arrested Loewen in October 2022. In August 2024, Loewen's counsel filed a motion to dismiss all the charges against Loewen, asserting the lack of probable cause for the arrest, the Commonwealth's failure to establish a *prima facie* case at the preliminary hearing, and the unreliability of the CI's information. *See* Motion to Dismiss and Petition for Habeas Corpus, 8/7/24, at 1, 6. Counsel subsequently filed a motion to disclose the identity of the CI, arguing "such disclosure [was] necessary to challenge the charges and uphold all applicable [c]onstitutional rights to a fair trial." Motion to Disclose Identity of Confidential Informant, 8/31/24, at 4. The trial court denied both motions after a hearing.

At a jury trial, Loewen was convicted of the above-listed offenses in November 2024. In January 2025, the court imposed an aggregate term of two-and-a-half to five years of incarceration and seven years of probation. *See* Trial Court Opinion, 4/29/25, at 7. Loewen timely appealed. Both Loewen and the trial court complied with Pa.R.A.P. 1925.

Loewen raises the following issue for our review:

> Did the [t]rial [c]ourt abuse its[] discretion and violate [Loewen's] rights under the Sixth and Fourteenth Amendment[s] of the U.S. and Pennsylvania Constitution [sic] by denying [Loewen's] [m]otion to compel the Commonwealth to disclose the identity of the confidential informant?

Loewen's Brief at 6.

Loewen asserts the trial court abused its discretion by denying his motion to compel disclosure of a confidential informant.

We review a claim a trial court erred in determining a request for disclosure of an informant's identity using an abuse of discretion standard. *See **Commonwealth v. Jordan***, 125 A.3d 55, 62 (Pa. Super. 2015) (*en banc*). An abuse of discretion is "not merely an error of judgment, but where the judgment is manifestly unreasonable[,]where the law is not applied[,] or where the record shows that the action is a result of partiality, prejudice, bias or ill will." ***Commonwealth v. Gabra***, 336 A.3d 1052, 1056-57 (Pa. Super. 2025) (citation omitted). The Commonwealth retains a "qualified privilege to maintain the confidentiality of an informant in order to preserve the public's interest in effective law enforcement." ***Commonwealth v. Bing***, 713 A.2d 56, 58 (Pa. 1998) (citation omitted). Before the discretion of the trial court to order disclosure of a CI's identity can be exercised, the defendant must first establish the CI's identity is "material to the preparation of a defense and that the request is reasonable." ***Jordan***, 125 A.3d at 63; ***see also*** Pa.R.Crim.P. 573(B)(2)(a)(i) (stating discovery of the names and addresses of eyewitnesses is discretionary with the trial court upon such a showing). To

show materiality, a defendant must not only demonstrate the CI has relevant information that will materially aid the defense, but also that the information is not obtainable from another source. *See Commonwealth v. Ellison*, 213 A.3d 312, 317 (Pa. Super. 2019). Although a defendant need not predict exactly what the informant will say, he must demonstrate a reasonable probability the informant could give evidence that will exonerate him. "More than a mere assertion that disclosure of the informant's identity might be helpful is necessary." *Commonwealth v. Belenky*, 777 A.2d 483, 488 (Pa. Super. 2001) (citations omitted). Only when a defendant satisfies this threshold burden is a court required to balance the public interest in obtaining evidence against the defendant's right to prepare a defense. To perform that balance a court considers:

> the crime, the potential defense, and the significance of the CI's testimony. The scales tip in favor of disclosure if the Commonwealth will be relying on police testimony based on a single observation. *If other proof corroborates a police officer's testimony, disclosure is not mandated.* Furthermore, the safety of the confidential informant can be a controlling factor in determining whether to reveal a source's identity.

*Jordan*, 125 A.3d at 63 (emphasis added).

Loewen asserts the trial court erred when it found he failed to assert the identity of the CI was material to his defense. *See* Loewen's Brief at 18.[3]

---

[3] Notably, at sentencing, Loewen admitted he knew the CI's identity. *See* N.T., 1/31/25, at 13.

Loewen further claims he argued below that disclosure of the CI's identity was necessary because "the officers did not directly witness the transactions[.]" *Id*. Finally, Loewen states he needed to obtain the CI's arrest and conviction record to determine credibility and properly prepare a defense, even though he acknowledges the Commonwealth disclosed the fact that the CI did not have any *crimen falsi* convictions. **See id**. at 18-19.[4]

The trial court considered Loewen's claim and concluded it merited no relief. The court noted that, at the hearing on his disclosure motion, Loewen's counsel argued pursuant to **Commonwealth v. Marsh**, 997 A.2d 318, (Pa. 2010), there was a material need for disclosure because four to five weeks elapsed between the second transaction and his arrest, and the officers could not confirm the exchange. **See** Trial Court Opinion, 4/29/25, at 11. The trial court found Loewen had not established the materiality of the CI's identity. As the court explained, multiple officers witnessed the transaction, and those officers were present at trial and testified. **See** Trial Court Opinion, 4/29/25,

---

[4] Loewen also asserts he presented a misidentification defense at trial. **See** Loewen's Brief at 19. However, Loewen did not reference a misidentification defense in his motion to disclose the CI's identity. **See** Motion to Disclose Identity of Confidential Informant, 8/31/24, at 1-4. Additionally, at the hearing on the motion, the court declared a possible misidentification defense "ridiculous [because] the defendant was caught red-handed." **See** N.T., 11/6/24, at 26. Accordingly, Loewen's assertion of a misidentification defense at trial has no relevance to his failure to prove prior to trial that he was entitled to disclosure of the CI's identity.

at 11-12.[5] The court also explained that disclosure of the identity of the CI for the purposes of *crimen falsi* convictions was unnecessary because the Commonwealth had previously disclosed the CI did not have such convictions. ***See id***. at 12.

We discern no abuse of discretion in the trial court's ruling. Loewen failed to prove the identity of the CI was material to his defense, thus failing to satisfy his threshold proof burden that would compel the trial court to balance his interest in disclosure against the public interest in obtaining evidence. ***See Commonwealth v. Williams***, No. 559 WDA 2020, 2021 WL 2012593 (non-precedential memorandum at *5) (Pa. Super. May 20, 2021) (citation omitted) (holding "Appellant's conclusory statements failed to establish that the identity of the CI was material to his defense," and noting that multiple officers observed Appellant on multiple occasions);[6] ***Belenky***, 777 A.2d at 488 (stating "[o]nly after this threshold showing that the information is material and the request is reasonable is the trial court called upon to determine whether the information is to be revealed). Loewen plainly failed to establish materiality here. Detective Farnan and Officers Matthew and Pultro all observed both transactions, were present at trial, and testified

---

[5] Additionally, the evidence showed the CI and their car were searched before and after each transaction. ***See*** N.T., 11/12/24, at 16, 18.

[6] ***See*** Pa.R.A.P. 126(b).

at trial; Officer Smith observed the second transaction and was similarly present at trial and testified.[7] **See Commonwealth v. Jamison**, No. 1232 MDA 2023, 2025 WL 80097 (non-precedential memorandum at \*11) (Pa. Super. Jan. 13, 2025) (adopting trial court opinion that CI's identity was not material when detective searched CI prior to controlled buy, the buy was surveilled by five officers, and four officers testified at trial, including one who witnessed a "hand-to-hand" transaction); **see also Marsh**, 997 A.2d at 322 (dispelling wrongly-inferred proposition that "balance tips in favor of disclosure whenever a confidential informant is the only witness to a crime other than a police witness").

Loewen fails to demonstrate a reasonable probability that the CI could give evidence that would exonerate him in light of the testimony of the officers. **See Belenky**, 777 A.2d at 488; **Commonwealth v. Bright**, 234 A.3d 744, 748 (Pa. Super. 2020).[8] Therefore, the trial court did not abuse its

---

[7] Officer Matthew had an unobstructed view of the first transaction, and Lieutenant Brady and Officer Smith directly observed the second exchange.

[8] Loewen's claimed entitlement to knowledge about the CI's non-*crimen falsi* arrests or favorable deals in pending cases is similarly meritless. The CI did not serve as a witness at trial; thus, impeachment evidence has no relevance. **Cf**. Pa.R.E. 607(b) (emphasis added) (stating "[t]he credibility of a **witness** may be impeached by any evidence relevant to that issue). Moreover, **four** officers testified they saw Loewen's transactions with the CI. Finally, as previously noted, Loewen knew the identity of the CI. **See supra** note 3. Therefore, Loewen failed to show how this information was material to his defense.

discretion in denying his motion to disclose the identity of the CI, and Loewen's claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/20/2026